THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DANILE RIBAS and Others, Defendants.

Magistrates' Court of New York, Third District, Borough of Manhattan, December 12, 1934.

*Leonard Golluber*, for the complainant.

*Louis B. Boudin*, for the defendants.

GOLDSTEIN, City Magistrate. On October 22, 1934, Chase Commissary Corporation (complainant) operated a restaurant known as " Tip-Toe Inn," located at 60 East Fourteenth street.

The defendants, as members of Cafeteria Workers Union Local 110, Food Workers Industrial Union, picketed the restaurant of the complainant.

It is contended that by such picketing defendants violated section 600 of the Penal Law in willfully disobeying an injunction issued by the Supreme Court.

There are seventeen cases on the same facts, and, by stipulation, the hearing in one case and the decision are to be the hearing and the decision in all cases.

On or about April 10, 1929, the United Restaurant Owners Association and seventeen of its members (individuals as well as corporations) instituted an action in the Supreme Court, New York

county, for an injunction in a labor controversy. The defendants in the injunction action were the officers of the Hotel, Restaurant and Cafeteria Workers Branch of the Amalgamated Food Workers (an unincorporated union). One Sam Kramberg was a defendant in the injunction proceeding, having been sued individually and as treasurer of that union. The complaint in the injunction case alleged that the United Restaurant Owners Association had about 200 members and that the other named plaintiffs all owned and operated restaurants "located approximately between 18th and 40th Streets and between Sixth and Ninth Avenues in the Borough of Manhattan, City of New York," commonly known as the "garment district."

After a trial, Supreme Court Justice PETER SCHMUCK granted a permanent injunction (April 11, 1932) in favor of the plaintiffs.

The defendants are charged with violating this injunction by picketing the "Tip-Toe Restaurant" at 60 East Fourteenth street, on October 22, 1934.

The Chase Commissary Corporation was not one of the plaintiffs in the injunction suit decided by Judge SCHMUCK. The Chase Commissary Corporation was not a member of the United Restaurant Owners Association at the time the action was commenced or when the decree was entered. The restaurant at 60 East Fourteenth street was not one of the restaurants involved in the injunction litigation. The signs carried by the defendants read: "Cafeteria Workers Union, Local 110, Food Workers Industrial Union, appeals for your support of the workers of Tip-Toe, who are on strike for union conditions. Union Headquarters, 4 West 18th Street, New York City." The union involved in this strike and whose signs were carried by the defendants on the picket line is a different union from the defendant union in the injunction suit.

Sam Kramberg, who was the treasurer of the union involved in the injunction suit, is at present employed as an organizer by the union whose signs were carried by the defendants while picketing.

The complainant contends that the injunction as issued by Mr. Justice SCHMUCK extends its protection to all members of the United Restaurant Owners Association irrespective of the time when they joined that organization, and covers restaurants not involved in the original injunction suit.

It is elementary that a decree can cover only the matters in dispute in the action tried before the court.

The strike against the "Tip-Toe Restaurant," 60 East Fourteenth street, is not part of and has no relation to the strike of April, 1929, which resulted in the injunction decree. In this case the plaintiffs are different and the union is a different union.

The law on the subject is clearly set forth in the case of *Nann v. Raimist* (255 N. Y. 307). The Court of Appeals in that ·case, through Chief Judge CARDOZO, said: " The decree, perpetual in its operation, is broad enough to prohibit picketing for all time at any bakery or shop in alliance with the plaintiff, no matter what the grievance or the occasion of the controversy. This is too far reaching. At some time in the future, a controversy unrelated to the dispute between the plaintiff and the defendant may arise between the defendant and a bakery or shop now protected by the judgment. The evidence is that 370 shops or bakeries are within the terms of the injunction. The restraint is to be interpreted as limited to acts done by the defendant in furtherance of its plan to exterminate the plaintiff union or in the course of the controversy that is the subject of the pending action." The injunction action which is the basis of this complaint referred to restaurants located in the " garment district " — not the Tip-Toe Inn (60 E. Fourteenth st.). The present labor controversy was not part of the subject-matter in the injunction suit.

The protection of the injunction decree cannot possibly be invoked by the complainant, which was not a party to the original injunction suit, nor even a member of the United Restaurant Owners Association at the time the suit was instituted and the decree was granted.

Complainant further contends that, because Sam Kramberg was a defendant in the original injunction suit, and because the decree enjoins " all persons connected with them," the injunction restrains any person who may in the future in any way be " connected with " Sam Kramberg. Clearly the " connection " must have a definite relation to the dispute involved. The two unions involved are different. The fact that Kramberg was the treasurer of the Amalgamated Food Workers and is now an organizer of the Food Workers Industrial Union does not change the fact that the unions are separate entities and are different. Kramberg's employment by another union cannot possibly extend the operation of the injunction decree to include the new union employing Kramberg. Kramberg's ceasing to be an officer of the Amalgamated Food Workers Union did not detract from the force of the injunction against that union. Kramberg's employment by the Food Workers Industrial Union does not extend the operation of the decree of injunction to that union, which was not a party to the original injunction suit. Just because an officer and employee of the old organization joins a new one, the injunction does not go along with such employee or officer. (*Alemite Manufacturing Co.* v. *Staff*, 42 F. [2d] 832.)

This decision does not preclude the complainant from moving in the Supreme Court to punish the defendants for contempt, nor does it preclude the district attorney (if he disagrees with my decision) from prosecuting these cases by indictment.

It is elementary that the power of the court to punish as for a criminal contempt should not be exercised unless the acts constituting the contempt are clearly proven to be willfully disobedient to the lawful mandate of a court. It being my opinion that the acts in this case bear no relation to the injunction order issued by the Supreme Court April 10, 1932, the complaint is dismissed and the defendants are discharged.